# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Raymond Elswick,**
**Petitioner Below, Petitioner**

**vs) No. 13-1110** (Roane County 11-C-08)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

**FILED**

October 20, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Raymond Elswick, by counsel Herbert Hively II, appeals the Circuit Court of Roane County's May 20, 2013, order that denied his petition for writ of habeas corpus. Respondent Marvin Plumley, Warden,[1] by counsel Christopher Dodrill, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus on the grounds of ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2005, Petitioner was indicted by the Roane County Grand Jury for one count of murder, one count of felony murder, one count of kidnapping, and one count of conspiracy. Following a jury trial, petitioner was found guilty of one count of voluntary manslaughter and one count of conspiracy. Thereafter, the circuit court sentenced petitioner to a recidivist life sentence pursuant to West Virginia Code § 61-11-18, due to two previous felony convictions.

In May of 2009, Petitioner filed a direct appeal with this Court arguing multiple assignments of trial error. This Court affirmed the circuit court's sentencing order. See *State v. Elswick*, 225 W.Va. 285, 693 S.E.2d 38 (2010). On February 18, 2011, petitioner, pro se, filed a petition for writ of habeas corpus asserting the following grounds for relief: (1) prejudicial prosecutorial comments; (2) ineffective assistance of counsel; (3) improper communications between prosecutor and the jury; (4) double jeopardy; (5) ongoing discovery violations; (6) denial of right to speedy trial; (7) destruction of evidence; (8) erroneous instructions to the jury;

---

[1]Pursuant to Rule 41(c) of the Rules of Appellate Procedure, we have substituted the respondent party's name with Warden Marvin Plumley because petitioner is currently incarcerated at Huttonsville Correctional Center.

1

and (9) constitutional errors in evidentiary rulings.[2] Prior to the omnibus evidentiary hearings on December 14, 2012, and January 24, 2013, the parties agreed that all issues, with the exception of petitioner's claims of ineffective assistance of counsel, were decided in *Elswick* and were res judicata. The circuit court denied petitioner habeas relief by order entered on May 20, 2013. It is from this order that petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the circuit court committed reversible error in denying his request for habeas relief because he received ineffective assistance of trial counsel. Petitioner argues that his testimony at the evidentiary hearings proves that trial counsel failed to: (1) adequately discuss the consequences of going to trial and the effect of the West Virginia habitual offender statute;[3] (2) obtain the mandatory attendance of a co-defendant; (3) obtain exculpatory evidence; and (4) file an appeal with the Supreme Court of the United States.[4]

West Virginia Code § 53-4A-7(a) states, in relevant part, that

[i]f the petition [for writ of habeas corpus], affidavits, exhibits, records and other

---

[2]Petitioner was subsequently appointed counsel and filed a checklist pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[3]*See W. Va. Code* § 61-11-18 and 61-11-29.

[4]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument demonstrating clearly the points of fact and law presented. The Court may disregard errors that are not adequately supported by specific references to the record on appeal. In this case, petitioner's brief is wholly unsupported by evidence in that it is completely devoid of any argument or discussion of the issues raised therein as contemplated by our rule. Moreover, as this Court previously found, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). It is a petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Res. Emps. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). We caution petitioner that, given that there is no legal argument set forth in his brief, it falls short of the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

documentary evidence attached thereto . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought.

This Court has carefully reviewed the appendix record, including the transcripts of the omnibus evidentiary hearings conducted on December 14, 2012, and January 24, 2013. It is abundantly clear that petitioner failed to adequately demonstrate that his counsel fell below the objective standard of unreasonableness required by *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).[5] Accordingly, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. Having reviewed the circuit court's "Judgment Order" entered on May 20, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5]The Court held in syllabus point five of *Miller* that

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).